IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

POLLY ELIZABETH STRATTON                                         PETITIONER
ADC #750283

v.                       CASE NO.: 5:08CV00001-BSM-BD

LARRY NORRIS, Director                                           RESPONDENT
Arkansas Department of Correction

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

1

**II.**     **Background:**

On December 14, 2006, Petitioner pled guilty to theft of property valued over $500 in Union County Circuit Court and was sentenced to four years in the Community Correction Center, with two years suspended.  (Docket entry #23-2 at p. 8)   On January 12, 2007, the Circuit Court entered an Amended Judgment and Commitment Order imposing the same sentence.  (#23-7 at p.11)  On January 16, 2007, the Department of Community Correction asked the Arkansas Board of Parole to transfer Petitioner to the Arkansas Department of Correction ("ADC") because it discovered that Petitioner had a prior felony conviction which made her ineligible to remain at the Community Correction Center.  (#23-6)  The Arkansas Board of Parole approved the transfer on January 19, 2007, and the Board mailed Petitioner a letter notifying her of its decision.  (#33 at p. 21)  On February 16, 2007, Petitioner was transferred to the ADC.  (#23-7 at p.11)

In August 2007, Petitioner filed a petition under Arkansas Rule of Criminal Procedure 37 for post-conviction relief with the trial court.  (#33 at p. 8)  On August 21, 2007, the Circuit Court denied Petitioner's Rule 37 petition as untimely.  (#33 at p. 6)  On November 27, 2007, and again on January 15, 2008, Petitioner filed a petition to reduce her sentence under ARK. CODE ANN. § 16-90-111.  (#23-9 at pp. 1-6)  On January 28, 2008, the trial court denied both motions as untimely.  (#32-9 at p. 7)  Petitioner did not appeal any of the trial court's post-conviction decisions denying relief.

On January 2, 2008, Petitioner filed this § 2254 petition for writ of habeas corpus (#1) raising four grounds for relief: (1) her guilty plea was "unlawfully induced" or not made voluntarily; (2) she was denied the of right to appeal; (3) the conviction was obtained by use of a coerced confession; and (4) ineffective assistance of counsel. Respondent answered, arguing that Petitioner's claims are procedurally defaulted and Petitioner has failed to establish cause for the default.  (#23 at p. 4)  Petitioner replied to the response (#29), filed an addendum (#39), and filed a second addendum (#40) to her reply, attaching additional documents.

### III.   Procedural Default:

Habeas relief is available to a petitioner after he or she "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254 (b)(1)(A).  In order to exhaust, the petitioner must "use the State's established appellate review procedures." *Armstrong v. Iowa*, 418 F.3d 924, 925 (8th Cir. 2005) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999)).  State remedies are not fully exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." *Id*. § 2254(c).  This requires state prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

In this case, Petitioner pled guilty to the charge that led to her sentence. Accordingly, Plaintiff could not file a direct appeal of her conviction.  See ARK. R. APP.

P. CRIM. 1(a). Plaintiff filed a Rule 37 petition with the trial court. The Circuit Court, however, denied the petition because it was not filed within ninety days of the entry of the judgment as required by ARK. R. CRIM. P. 37.2(c). Petitioner's failure to seek relief within the time limits set under Rule 37 is a jurisdictional defect. *Mims v. State*, 360 Ark. 96, 96, 199 SW.3d 681, 681 (2004).

Petitioner did not appeal the denial of her Rule 37 petition. Instead, on November 27, 2007 and again on January 15, 2008, she filed petitions to reduce her sentence under ARK. CODE ANN. § 16-90-111. On January 28, 2008, the trial court denied both petitions as untimely, and Petitioner did not appeal.

Petitioner has not exhausted her state court remedies. Accordingly, all of the claims Petitioner raises are procedurally defaulted unless she can establish "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991).

A.   *Cause for Default*

The cause and prejudice standard applies to procedural defaults on appeal as well as at trial. *Murray v. Carrier*, 477 U.S. 478, 491, 106 S.Ct. 2639 (1986). Under this standard, a petitioner must establish cause by showing that some objective factor external to the defense impeded her efforts to comply with the State's procedural rule. *Murray*, 477 U.S. at 488.

Plaintiff argues that her default was caused by: (1) ineffective assistance of post-conviction counsel (#30 at p. 1); (2) her inability to get her legal work notarized while she was in lock down (#40 at p. 2); and (3) the prosecutor's failure to act on her state habeas petition (#20 at p. 4). None of these circumstances constitutes cause for Petitioner's procedural default.

In support of her claim of ineffective assistance of counsel, Petitioner alleges she wrote the Circuit Judge days after the trial about withdrawing her plea. The Circuit Judge sent the letter, and two additional letters from the Petitioner, to the Circuit Clerk for filing, to Petitioner's plea counsel, and to the managing attorney at the public defender's office. Petitioner claims she attempted to contact her plea counsel by telephone but he did not accept her collect calls, and, according to Petitioner, never responded to her or to the Judge's correspondence. Petitioner argues that her plea counsel's failure to respond to her is cause for her procedural default.

There is no Sixth Amendment right to counsel in state post-conviction proceedings. *Coleman*, 501 U.S. at 752. Accordingly, there cannot be a deprivation of right to effective assistance of post-conviction counsel. *Id*. See also *Green v. State*, 362 Ark. 459, 468, 209 S.W.3d 339, 344 (2005) (holding that there is no right to counsel in a proceeding under Ark. R. Crim. P. 26.1 for a motion to withdraw a plea); *McCuen v. State*, 328 Ark. 46, 56, 941 S.W.2d 397, 402 (1997) (there is no right to counsel in a proceeding under Ark. R. Crim. P. 37 for filing a post-conviction petition).

In a similar case, *Morris v. Norris*, 83 F.3d 268 (8th Cir. 1996), the petitioner alleged that he had cause for his procedural default because his attorney did not advise him about the availability of relief under Rule 37 or its restrictive time limits. *Morris*, 83 F.3d at 270. The Eighth Circuit rejected this argument. *Id*. Relying on the United States Supreme Court's holding in *Coleman*, *supra*, the Eighth Circuit held that ineffective assistance of post-conviction counsel cannot excuse procedural default. *Id*. See also *Sexton v. Kemna*, 278 F.3d 808, 816 (8th Cir. 2002) (holding that no cause existed to excuse procedural default when attorney who represented habeas petitioner at sentencing promised he would file a timely post-conviction motion but failed to do so); *Burns v. Gammon*, 173 F.3d 1089, 1092 (8th Cir. 1999) (finding that no cause existed to excuse procedural default when attorney, who had a conflict of interest, failed to file a timely post-conviction motion). Accordingly, Petitioner cannot claim ineffective assistance of post-conviction counsel as cause for her procedural default.

Further, "a claim of ineffective assistance must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Wyldes v. Hundley*, 69 F.3d 247, 253 (8th Cir. 1995), cert. denied, 517 U.S 1172, 116 S.Ct. 1578 (1996) (quotation omitted). While Petitioner raised ineffective assistance of counsel claims in her Rule 37 petition (#33 at pp. 9-10), she did not take any steps to appeal the trial court's denial of her petition. Petitioner has not fairly presented her

ineffective assistance claim to the state court. Accordingly, Petitioner's ineffective assistance of counsel claim cannot be cause for Petitioner's procedural default.

Petitioner also argues that she could not file her Rule 37 in a timely manner because she was unable to have her legal documents notarized while she was in "lock down." (#40 at p.2) There are circumstances when a petitioner's inability to have legal documents notarized may constitute cause. See *Wilson v. Kemna*, 12 F.3d 145, 146 (1994) (upholding district court's finding that petitioner, who argued inability to have legal documents notarized, was procedurally barred for failing to establish prejudice). The facts of this case, however, do not support such a finding of cause. In this case, the ninety-day period for Petitioner to file a Rule 37 petition expired on April 13, 2007, more than thirty days before Petitioner allegedly suffered restrictions from being placed in punitive isolation. (#23 at p. 10) Petitioner had access to a notary before the time expired for filing a Rule 37 petition and, consequently, cannot argue that her placement in punitive isolation caused her procedural default.

Petitioner claims that she procedurally defaulted because the prosecutor failed to act on her state habeas petition. (#20 at p. 4) Plaintiff includes in her Addendum a document indicating that she mailed her habeas materials to a Jackson County Prosecuting Attorney and asked him to file her habeas petition for her. (#39 at p. 4) The prosecutor was not required to assist Petitioner with filing her state habeas petition and cannot be cause for Petitioner's default.

Finally, Petitioner generally argues in her response that her ignorance of the law caused her procedural default. The Eighth Circuit has rejected this argument. See *Williams v. Lockhart*, 873 F.2d 1129, 1130 (8th Cir. 1989), cert. denied, 493 U.S. 942 (1989) (holding that ignorance of the law does not constitute cause for default). Because Petitioner has not established cause for her failure to raise her claims with the state court, it is not necessary to reach the question of prejudice.

B.  *Miscarriage of Justice*

Petitioner may also overcome procedural default by showing that failure to hear her Petition would result in a miscarriage of justice. To establish a miscarriage of justice, Petitioner must show that, based on new evidence, a constitutional violation has resulted in the conviction of someone who is actually innocent. *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996). Petitioner does not offer any new evidence that would support a finding of actual innocence. Instead, Petitioner acknowledges guilt in her petition. Thus, the Court recommends the District Court dismiss her claims for procedural default.

IV. **Conclusion**

The Court recommends that the District Court dismiss with prejudice Petitioner's petition for writ of habeas corpus (#1), and deny the pending motion to appoint counsel (#41) as moot.

DATED this 19th day of May, 2008.

                                                  _____
                                                  UNITED STATES MAGISTRATE JUDGE